JUDGMENT
===============================================================================

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 16 2004

at __11__ o'clock and __30__ min. __A__ M
WALTER A. Y. H. CHINN, CLERK

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 03-10542
CT/AG#: CR-02-00133-SOM

UNITED STATES OF AMERICA

       Plaintiff - Appellee

 v.

MICHAEL KAILING, Trustee/Agent

       Defendant - Appellant


NO. 03-10543
CT/AG#: CR-02-00133-SOM

UNITED STATES OF AMERICA

       Plaintiff - Appellee

 v.

ROYAL LAMARR HARDY, also known as Royale LaMarr Sounet

       Defendant - Appellant


NO. 03-10545
CT/AG#: CR-02-00133-SOM

UNITED STATES OF AMERICA

       Plaintiff - Appellee

 v.

FRED M. ORTIZ

       Defendant - Appellant

```
                    NO. 03-10546
                    CT/AG#: CR-02-00133-SOM
```

UNITED STATES OF AMERICA

       Plaintiff - Appellee

v.

URSULA A. SUPNET, also known as Ursula Ann Sounet

       Defendant - Appellant

------------------------

    APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

    ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is DISMISSED for lack of jurisdiction.

Filed and entered   June 24, 2004

```
A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 11 2004

by: [signature]
    Deputy Clerk
```



FILED

JUN 24 2004

CATHY A. CATTERSON, CLE
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 03-10542 |
| Plaintiff - Appellee, | D.C. No. CR-02-00133-SOM |
| v. | |
| MICHAEL KAILING, Trustee/Agent, | ORDER* |
| Defendant - Appellant. | |

| UNITED STATES OF AMERICA, | No. 03-10543 |
| Plaintiff - Appellee, | D.C. No. CR-02-00133-SOM |
| v. | |
| ROYAL LAMARR HARDY, also known as Royale LaMarr Sounet, | |
| Defendant - Appellant. | |

| UNITED STATES OF AMERICA, | No. 03-10545 |
| Plaintiff - Appellee, | D.C. No. CR-02-00133-SOM |
| v. | |

---

\*  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| FRED M. ORTIZ,<br><br>  Defendant - Appellant. | |
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>v.<br><br>URSULA A. SUPNET, also known as Ursula Ann Sounet,<br><br>  Defendant - Appellant. | No. 03-10546<br><br>D.C. No. CR-02-00133-SOM |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted June 15, 2004
San Francisco, California

Before: SCHROEDER, Chief Judge, CANBY, and TALLMAN, Circuit Judges.

The appellants challenge the district court's denial of their motions to dismiss count I of the indictment, which alleges that they conspired to defraud the government in violation of 18 U.S.C. § 371. The district court's orders denying these motions to dismiss are not final orders appealable under 28 U.S.C. § 1291. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). In

2

addition, the collateral order doctrine is not applicable because the appellants have not asserted a "right not to be tried" that is "effectively unreviewable" on appeal. *See United States v. Butterworth*, 693 F.2d 99, 101 (9th Cir. 1982); *see also United States v. Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999).

Contrary to the appellants' contentions, *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir. 1992), is inapposite. In *P.H.E., Inc.*, appellants presented substantial evidence that prosecutors acted in a retaliatory manner; in fact the prosecutors admitted that they would agree to a plea agreement only if the appellants ceased distributing material that the prosecutors knew was subject to First Amendment protection. *Id.* at 851. In contrast, in this case the appellants did not produce sufficient evidence to establish that the government acted with an improper purpose when it sought the indictment.

Because the orders from which they appeal are not final decisions under 28 U.S.C. § 1291 or the collateral order doctrine, we dismiss for lack of jurisdiction.

In addition, the appellants' motion to supplement the record is **DENIED** as moot.

**DISMISSED.**